# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ORIGINAL GRAVITY BREWING COMPANY, L.L.C. <br> 440 County Street <br> Milan, MI 48160 <br><br>     Plaintiff, <br><br> vs. <br><br> DECATUR TASTINGS LLC <br> d/b/a FINAL GRAVITY BREWING COMPANY <br> 103 N. Phelps St. <br> Decatur, MI 49045 <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) <br> ) Unassigned <br> ) <br> ) PLAINTIFF'S COMPLAINT FOR <br> ) TRADEMARK INFRINGEMENT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Original Gravity Brewing Company, LLC ("Original Gravity"), for its Complaint against Defendant, Decatur Tastings, LLC, d/b/a Final Gravity Brewing Co., ("Final Gravity"), hereby states and alleges as follows:

## **NATURE OF THE CLAIMS**

1.　This is an action for trademark infringement of a federally registered trademark under Unites States Code, Title 15, §1114; unfair competition under United States Code, Title 15, §1125; trademark infringement and unfair competition under the common law of the State of Michigan, and deceptive trade

practices under the Michigan Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901 to .922.

## THE PARTIES

2. Plaintiff Original Gravity is a limited liability company duly organized and existing under the laws of the State of Michigan and having a place of business at 440 County Street, Suite 3100, Milan, MI 48160.

3. Upon information and belief, Defendant Final Gravity is a limited liability company duly organized and existing under the laws of the State of Michigan and having a place of business at 103 N. Phelps St., Decatur, MI 49045.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1338(a) and (b) and by pendant, ancillary and/or supplemental jurisdiction in accordance with 28 U.S.C. §1367.

5. Furthermore, venue is appropriate in this Court in accordance with 28 U.S.C. § 1391(b) and (c) as a result of Plaintiffs maintaining their principal place of business in or about Washtenaw and Monroe Counties, Michigan, and because the effects of Defendant's unlawful conduct are felt in Washtenaw and Monroe Counties, Michigan.

## FACTS APPLICABLE TO ALL COUNTS

## ORIGINAL GRAVITY AND ITS TRADEMARK

6. Original Gravity is a rising star in the craft beer brewing industry. Since at least June 9, 2008 and continuing to the present, Original Gravity has engaged in the brewing, distribution, and sale of beer and the provision of bar and restaurant services under the name and trademarks ORIGINAL GRAVITY BREWING COMPANY and ORIGINAL GRAVITY.

7. Since at least June 9, 2008 and continuing to the present, Original Gravity has extensively used, advertised and promoted its Original Gravity brand beers and bar and restaurant services throughout the State of Michigan and in interstate commerce.

8. Original Gravity is also the owner of a registration with the United States Trademark Office on the Principle Register, U.S. Registration No. 3,972,901 in connection with beer, ale, lager, stout, porter, shandy and restaurant and bar services. Registration No. 3,972,901 was issued on June 7, 2011 with a filing date of April 14, 2010 and claiming first use as of November 6, 2006 and use in commerce as of June 9, 2008. A true and accurate copy of the registration is attached hereto as **Exhibit A**.

9. The ORIGINAL GRAVITY BREWING COMPANY registration is valid and subsisting and constitutes prima facie evidence of Original Gravity's

exclusive right to use the ORIGINAL GRAVITY BREWING COMPANY mark in interstate commerce in connection with the goods and services specified in the registration. Further, the ORIGINAL GRAVITY BREWING COMPANY registration serves as constructive notice of Original Gravity's ownership of the ORIGINAL GRAVITY BREWING COMPANY mark under 15 U.S.C. §§ 1057, 1072 and 1115.

10. Original Gravity is also the owner of a pending application for the mark ORIGINAL GRAVITY on the Principle Register, Serial No. 86/843,387, in connection with Beer, ale, lager, stout, porter, shandy and restaurant and bar services. Serial No. 86/843,387 was filed on December 9, 2015 and claims a first use as of November 6, 2006 and first use in commerce as of June 9, 2008. A true and accurate copy of the Trademark Office's TSDR record for the 86/843,387 application is attached as **Exhibit B**.

11. Original Gravity also owns all common law rights and interest in the ORIGINAL GRAVITY BREWING COMPANY and ORIGINAL GRAVITY trademarks, as discussed above (the trademark registration, trademark application, and common law rights are hereinafter collectively referred to as the "OG Trademarks").

12. By virtue of Original Gravity's extensive use, advertising and promotion of its Original Gravity brand beers and bar and restaurant services under

the OG Trademarks, the goods and services sold by Original Gravity under its trademarks are well-known and favorably known. The OG Trademarks have come to designate the goods and services of Original Gravity and no other, so that the goodwill acquired and represented by the OG Trademarks are of great value to Original Gravity. Original Gravity's goods and services, and the associated OG Trademarks have acquired a distinctive reputation with the public through the use, advertising and promotion of Original Gravity's goods and services, and by the high quality of same.

13. Original Gravity's OG Trademarks, used long prior to the acts of Final Gravity complained of herein, have come to be, and are now recognized and relied upon by consumers and the trade to identify Original Gravity's goods and services, and to distinguish Original Gravity's goods and services from those of others.

14. Original Gravity is the exclusive owner of trademark rights in and to the OG Trademarks as used in connection with beer and bar and restaurant services.

**ORIGINAL GRAVITY'S REGISTRATION OF ITS TRADEMARK**

15. On April 14, 2010, Original Gravity filed a trademark application with the United States Patent and Trademark Office to secure a trademark registration for the ORIGINAL GRAVITY BREWING COMPANY trademark, in standard

character form, for *beer, ale, lager, stout, porter, and shandy* in International Class 32 and *restaurant and bar services* in International Class 43.

16. On June 7, 2011, Original Gravity secured a trademark registration for the ORIGINAL GRAVITY BREWING COMPANY trademark for *beer, ale, lager, stout, porter, and shandy* and *restaurant and bar services* which was duly and legally registered in the United States Patent and Trademark Office under the Trademark Act of July 5, 1946, bearing Registration No. 3,972,901, which is now valid, and in full force and effect.

17. The OG Trademarks have been used continuously in interstate commerce by Original Gravity since at least June of 2008, and have been and currently are applied to the goods, to containers of the goods, to labels applied to containers of the goods, to brochures advertising the goods and services, to websites advertising the goods and services, to signs, building(s) and other advertisements advertising the goods and services at the point of sale and otherwise, and to other marketing and promotional material. Furthermore, Original Gravity has become well known in the community for its involvement in numerous charitable and non-profit efforts, which, combined with its advertising, have established Original Gravity as a well-known and respected company throughout the state of Michigan and beyond.

## FINAL GRAVITY, ITS ACTIVITIES, AND THE EFFECT OF ITS UNAUTHORIZED USE

18. Final Gravity is a competitor of Original Gravity who sells beer and provides bar and restaurant services under the name "Final Gravity Brewing Company" and/or "Final Gravity," thus simulating the federally registered trademark of Original Gravity while providing identical services without the authorization, permission, or consent of Original Gravity. Additionally, the vast majority, if not all of Final Gravity's uses of "Final Gravity Brewing Company" present the words "Final Gravity" in significantly larger text such that those words are the overwhelmingly dominant feature.

19. Final Gravity originally filed its Articles of Organization on December 4, 2013 utilizing the name "Decatur Tastings, LLC." By this time, Original Gravity had already been operating a highly successful craft brewing business for over seven years, and had achieved notoriety throughout Michigan's beer brewing industry, particularly since Original Gravity routinely participates in the annual Michigan Summer and Winter Beer Festivals, which are held in July and February of each year. Upon information and belief, the owners of Final Gravity also attend the Michigan Summer and Winter Beer Festivals.

20. Only a few months after the 2014 Winter Beer Festival, in which Original Gravity participated, Final Gravity chose to rebrand itself as "Final Gravity Brewing Company" and filed a Certificate of Assumed Name with the

State of Michigan on May 27, 2014. A copy of Final Gravity's Articles of Organization and Certificate of Assumed Name are attached as **Exhibit C**, and a copy of Final Gravity's promotional materials for its "Final Gravity Brewing Company" beer and bar and restaurant services is attached as **Exhibit D.**

21. Upon information and belief, Final Gravity sells and markets its beer and bar and restaurant services in commerce or in a manner affecting interstate commerce throughout the state of Michigan and beyond.

22. Original Gravity has not consented to the sale of beer and bar and restaurant services by Final Gravity under either FINAL GRAVITY or FINAL GRAVITY BREWING COMPANY.

23. On July 9, 2015, Original Gravity, through counsel, sent a cease and desist letter (a true and correct copy of which is attached hereto as **Exhibit E**) to Final Gravity detailing the likelihood of confusion and harm to Original Gravity from Final Gravity's use of the FINAL GRAVITY and/or FINAL GRAVITY BREWING COMPANY marks on identical goods.

24. Thereafter, Final Gravity refused to halt the use and promotion of its infringing "Final Gravity Brewing Company" trademark in connection with identical goods and services, and continues to offer, advertise and promote such goods and services under that assumed name as of the date of filing of this Complaint (as shown in Exhibit D).

25. The likely result of Final Gravity's infringement of Original Gravity's OG Trademarks is that consumers will infer an affiliation between Final Gravity's products and services and Original Gravity's. In fact, while attending the 2015 Michigan Summer Beer Festival, Original Gravity received multiple inquiries and/or statements from consumers who were confused as to the source, origin, and/or sponsorship of Original Gravity beers, or whether there was an association, affiliation, or connection between Original Gravity and Final Gravity.

26. Final Gravity's trademark infringement will likely induce consumers to believe that the same company manufactures both Original Gravity's and Final Gravity's products, and consumers will likely purchase Final Gravity's product mistakenly believing they have actually purchased Original Gravity's product.

27. To date, despite full knowledge of Plaintiffs' prior rights and ownership of the OG Trademarks, Defendants continue to use the FINAL GRAVITY and/or FINAL GRAVITY BREWING COMPANY marks in connection with beer and bar and restaurant services.

## COUNT I
## INFRINGEMENT OF TRADEMARK/ FALSE ENDORSEMENT
## (15 U.S.C. §§1114 and 1125(a))

28. Original Gravity incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

9

29. Original Gravity owns all registered and common law rights in the OG Trademarks. Under 15 U.S.C. 1115, the associated federal trademark registrations are *prima facie* evidence of the validity of the marks and of Original Gravity's exclusive right to use the registered marks in commerce.

30. Final Gravity's sale and distribution of goods and provision of services under the FINAL GRAVITY BREWING COMPANY and/or FINAL GRAVITY marks is likely to cause confusion, mistake and/or deception as to the origin, source, or sponsorship of Final Gravity's goods and services, or as to an association, affiliation, or connection of Final Gravity with Original Gravity and therefore constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

31. The foregoing conduct of Final Gravity further constitutes a false designation of origin in violation of 15 U.S.C. §1125(a).

32. Upon information and belief, Final Gravity's acts, in particular Final Gravity's continued infringement after full notice of Original Gravity's rights, have been committed with the deliberate intent to cause confusion, mistake and to deceive.

33. Upon information and belief, Final Gravity has unjustly profited by its unlawful actions.

34. If not enjoined by this Court pursuant to 15 U.S.C. § 1116, Final Gravity will continue to sell, distribute, provide, advertise, and promote Final Gravity's goods and services under FINAL GRAVITY BREWING COMPANY and/or FINAL GRAVITY. and otherwise exploit colorable imitations of the OG Trademarks for their own commercial use in violation of Original Gravity's rights under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

35. As a result of Final Gravity's willful, deliberate, and malicious activities and conduct, Original Gravity has been harmed and will continue to be harmed.  Accordingly, Original Gravity is entitled to recover its damages, Final Gravity's profits received as a result of their infringing activities and conduct, treble damages, Original Gravity's attorney's fees, investigative fees and prejudgment interest, the costs of this action pursuant to 15 U.S.C. § 1117(a), and such other and further relief as the Court may deem just and proper.

36. Damages alone will not provide Original Gravity with an adequate remedy at law.

37. Original Gravity requests that the Court preliminarily and permanently enjoin Final Gravity from continued and future infringement of the ORIGINAL GRAVITY BREWING COMPANY trademark.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

38. Original Gravity incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

39. Original Gravity has expended substantial resources, including time and money in building the OG Trademarks and associated goods and services.

40. Final Gravity has advertised and utilized the OG Trademarks without Original Gravity's permission, with the intent to create an association and affiliation with Original Gravity and to trade-off the goodwill of the OG Trademarks.

41. The continued use by Final Gravity of colorable imitations of the OG Trademarks as set forth above constitutes unfair competition and violation of the federal Lanham Act, 15 U.S.C. § 1125(a), and violation of Original Gravity's exclusive rights to exploit the OG Trademarks.

42. Final Gravity's acts, as described throughout, constitute unfair competition with Original Gravity in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Upon information and belief, Final Gravity has unjustly profited by its unlawful actions.

44. Original Gravity has been and continues to be damaged by the consumer confusion caused by Final Gravity's unlawful actions.

45. Final Gravity's use of a colorable imitation of Original Gravity's OG Trademarks has caused and is causing Original Gravity to lose control of the goodwill associated with its marks, thus irreparably harming Original Gravity. Final Gravity's conduct and acts, as alleged above, will continue to cause irreparable harm of Original Gravity unless enjoined by this Court.

46. Damages alone will not provide Original Gravity with an adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
**(Michigan Common Law)**

47. Original Gravity incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

48. This cause of action under Michigan state common law is separate and independent of the federally-based causes of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

49. As set forth above, Original Gravity does business in the State of Michigan, where it owns and enjoys trademark rights throughout the United States in the OG Trademarks for its beer and bar and restaurant goods and services.

50. Original Gravity's interest in the OG Trademarks is valid and legally protectable.

51. The use of colorable imitations of the OG Trademarks by Final Gravity in connection with the sale, distribution, provision, advertising, marketing and promotion of Final Gravity's beer, bar and restaurant goods and services is likely to cause and has caused confusion among consumers.

52. Final Gravity's alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

53. Final Gravity's use of the OG Trademarks for Final Gravity's beer, bar and restaurant services constitutes trademark infringement and unfair competition under the common law of the state of Michigan.

54. Original Gravity has been and will continue to be damaged as a result of Final Gravity's infringement.

55. Final Gravity's conduct and acts, as alleged above, will continue to cause irreparable harm to Original Gravity unless enjoined by this Court.

## COUNT IV
## MICHIGAN UNFAIR & DECEPTIVE TRADE PRACTICES
## (M.C.L. §§ 445.901 to .922)

56. Original Gravity incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

57. Final Gravity has acted as a business competitor of Original Gravity.

58. Final Gravity has violated the Michigan Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901 to .922, by infringing, selling or offering for sale, in the State of Michigan, the colorable imitation of Original Gravity's valid OG Trademarks thus using a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, without authorization, and such use is likely to cause confusion, mistake and/or deception as to the origin, source, or sponsorship of Original Gravity's and Final Gravity's goods and services, or as to an association, affiliation, or connection between the parties, and engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its business.

59. Final Gravity's actions offend the public, are unethical, oppressive and/or unscrupulous, affecting trade and commerce now and in the future both within the state of Michigan and elsewhere.

60. Final Gravity knowingly engaged in unfair methods of competition and unfair and deceptive acts or practices against Original Gravity.

15

61. Original Gravity has been damaged by the unfair methods of competition and unfair and deceptive acts or practices of Final Gravity, and a causal link exists between the deceptive acts and the resulting injury. Final Gravity's use of a colorable imitation of Original Gravity's OG Trademarks has caused and is causing Original Gravity to lose control of the goodwill associated with its marks, thus irreparably harming Original Gravity.

62. Pursuant to M.C.L. § 445.911, Original Gravity is entitled to recover the amount of actual damages caused by the unfair methods of competition and unfair and deceptive trade practices engaged in by Final Gravity in the conduct of its business, plus reasonable attorney's fees.

63. Unless Final Gravity's actions are enjoined by this Court, Original Gravity will continue to suffer irreparable injury and damages. The quantum of these damages will be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Original Gravity respectfully demands judgment against Final Gravity as follows:

A. That Final Gravity, its agents, servants and/or employees and any and all persons acting by or under their authority be preliminarily and permanently enjoined from:

  i. further infringing, directly or indirectly, in any manner Original Gravity's United States trademark registration for the ORIGINAL GRAVITY BREWING COMPANY trademark or Original Gravity's other trademarks;

  ii. using a device or trademark confusingly similar to Original Gravity's OG Trademarks in connection with manufacturing, advertising, promotion and/or sale of Final Gravity's goods and services; and

  iii. further acts of unfair competition arising from the use of Original Gravity's trademarks and the unlawful passing off of Final Gravity's goods and services for those of Original Gravity.

B. That Final Gravity be required to account and pay over to Original Gravity all gains, profits and advantages derived by its trademark

infringement, unfair competition, and unfair and deceptive trade practices;

C. That Final Gravity be required to pay to Original Gravity all damages which Original Gravity has sustained by reason of trademark infringement, unfair competition and unfair and deceptive trade practices in a sum equal to three times the damages sustained by reason of such wrongful acts;

D. That Final Gravity be ordered to deliver for destruction within seven (7) days of the date of entry of the final judgment herein any and all of Final Gravity's beer or alcohol products bearing the Final Gravity logos and/or marks.

E. That Final Gravity be ordered to recall from the stream of commerce any and all Final Gravity's beer or alcohol products bearing the Final Gravity logos and/or marks to which end it will, within seven (7) days of date of entry of the final judgment herein, send to all customers who have purchased the product a letter notifying the customer of the terms of the final order and requesting that said customers return to Final Gravity for refund all products bearing the Final Gravity logos and/or marks, with Final Gravity also offering to bear all costs

associated with the return. Copies of all communication to customers concerning this recall shall be sent to counsel for Original Gravity;

F. That Final Gravity be directed to file with this Court and serve on counsel for Original Gravity, within thirty (30) days after entry of the final judgment herein, a written report under oath setting forth in detail the manner in which Final Gravity has complied with the aforementioned order; and

G. That Final Gravity be required to pay Original Gravity the costs of this action together with reasonable attorneys' fees; and

H. That Original Gravity have such other relief as justice may require.

Respectfully submitted,

Date:  January 6, 2016

/s/April L. Besl
April L. Besl  -  OH # 0082542
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8527
Fax: (513) 977-8141
April.besl@dinsmore.com

Erin Morgan Klug  -  MI # P73361
Dinsmore & Shohl LLP
2701 Troy Center Drive, Suite 330
Troy, MI 48084
Telephone: (248) 203-1610
Erin.klug@dinsmore.com
*Attorneys for Plaintiff*